# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

GREGORY L. TROGDON
REG #14640-045                                                                          PLAINTIFF

V.                                    2:05CV00311 WRW/JTR

LINDA SANDERS, Warden,
FCI-Forrest City, et al.                                                            DEFENDANTS

## ORDER

Plaintiff, who is currently incarcerated at the Federal Correctional Institute located in Forrest

City, Arkansas ("FCI-FC"), has filed a *pro se*[1] Complaint pursuant to *Bivens v. Six Unknown Agents*

*of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). [2] *See* docket entry #1.  Plaintiff has also paid the

---

[1] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

Plaintiff is further notified of 28 U.S.C. § 1915(g), which provides that a prisoner may not proceed with a civil suit *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Dismissal pursuant to Local Rule 5.5(c)(2) or Fed. R. Civ. P. 41(b) (providing that a court may *sua sponte* dismiss a case for the "failure of the plaintiff to prosecute or to comply with these rules or any order of the court) shall be treated as a dismissal for filing a frivolous action, and thus a "strike," within the meaning of 28 U.S.C. § 1915(g). In contrast, a dismissal pursuant to a motion for voluntary dismissal will not be treated as a strike. Therefore, if at some stage in this litigation, Plaintiff elects not to continue prosecuting this action, he should file a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a).

[2] Because Plaintiff is a federal inmate alleging constitutional violations against federal defendants, his claims are brought pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of*

$250 filing fee in full. *See* docket entry #2.  For the reasons set forth herein, the Court will order service of the Complaint upon Defendants.

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, such liberal pleading standards apply only to a plaintiff's factual allegations.  *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).  A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

In his Complaint, Plaintiff alleges that Defendants failed to provide him with adequate medical care for injuries to his left rotator cuff, a broken foot, and stomach problems caused by taking prescription pain medications.  *See* docket entry #1.  Construing Plaintiff's Complaint

---

*Narcotics*, 403 U.S. 388 (1971), which established that the victims of constitutional violations by federal agents have a right to recover damages against them in federal court, just as 42 U.S.C. § 1983 provides redress for constitutional violations by state officials.

liberally, the Court concludes, <u>for screening purposes only</u>, that Plaintiff has stated a cognizable

*Bivens* claim for relief.  Therefore, the Court will order service upon Defendants at this time.[3]

       IT IS THEREFORE ORDERED THAT:

       1.      The Clerk of the Court is directed to prepare a summons for each Defendant, and the

United States Marshal is directed to serve the Summons, Complaint (docket entry #1), and this Order

upon each Defendant without prepayment of fees and costs or security therefor.

       2.      If <u>any</u> of the Defendants are no longer FCI-FC employees, the registered agent of

service shall file a **SEALED** Statement indicating the Defendant's last date of employment and his

or her last known private mailing address.

       Dated this 3rd day of January, 2006.

 

                                        _____

                                    UNITED STATES MAGISTRATE JUDGE

---

[3] Defendants are advised that the Court has <u>not</u> screened this action for complete exhaustion. *See Nerness v. Johnson,* 401 F.3d 874, 876 (8th Cir. 2005) (explaining that: "This circuit considers the PLRA's exhaustion requirement to be an affirmative defense that the defendant has the burden to plead and prove").