IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 07 2006

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

GREGORY L. TROGDON
REG #14640-045                                                                    PLAINTIFF

V.                          2:05CV00311 WRW/JTR

LINDA SANDERS, Warden,
FCI-Forrest City, et al.                                                       DEFENDANTS

## ORDER OF DISMISSAL

Plaintiff, who is currently incarcerated at the Federal Correctional Institute located in Forrest City, Arkansas, has commenced this *pro se Bivens* action alleging that Defendants failed to provide him with adequate medical care for injuries to his left rotator cuff, a broken foot, and stomach problems. *See* docket entry #1. On July 17, 2006, Defendants filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment, along with supportive pleadings. *See* docket entries #22, #23, #24, and #37.

On July 18, 2006, the Court entered an Order giving Plaintiff thirty days to file a Response to Defendants' Motion. *See* docket entry #26. Importantly, the Court advised Plaintiff that the failure to timely and properly do so would result in the dismissal of this case, without prejudice, pursuant to Local Rule 5.5(c)(2).[1] *Id.* On August 29, 2006, the Court entered an Order granting

---

[1] Local Rule 5.5(c)(2) provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." (Emphasis added.)

Plaintiff's request for an extension, until September 1, 2006, to file his Response. *See* docket entries #28 and #32. Again, the Court reminded Plaintiff that his case would be dismissed, pursuant to Local Rule 5.5(c)(2), if he failed to timely do so. *Id.*

As of the date of this Order of Dismissal, Plaintiff has failed to comply with the Court's July 18, 2006 and August 15, 2006 Orders, and the time for doing so has expired.

IT IS THEREFORE ORDERED THAT:

1. Pursuant to Local Rule 5.5(c)(2), this case is DISMISSED, WITHOUT PREJUDICE, due to Plaintiff's failure to timely and properly comply with the Court's July 18, 2006 and August 15, 2006 Orders.

2. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this 6TH day of September, 2006.

_____
UNITED STATES DISTRICT JUDGE