**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

GREGORY L. TROGDON
REG #14640-045                                                                                          PLAINTIFF

V.                              2:05CV00311 WRW/JTR

LINDA SANDERS, Warden,
FCI-Forrest City, et al.                                                                            DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is currently incarcerated at the Federal Correctional Institute located in Forrest City, Arkansas, has filed a Motion for Reconsideration of the September 6, 2006 dismissal of his *Bivens* action.[1] *See* docket entry #44. Defendants have filed a Response. *See* docket entry #45.

On December 2, 2005, Plaintiff commenced this *pro se Bivens* action alleging that Defendants failed to provide him with adequate medical care for injuries to his left rotator cuff, a broken foot, and stomach problems. *See* docket entry #1. On July 17, 2006, Defendants filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment, along with supportive pleadings. *See* docket entries #22, #23, #24, and #37. On July 18, 2006, the Court entered an Order giving Plaintiff thirty days to file a Response to Defendants' Motion. *See* docket entry #26. On

---

[1] On September 28, 2006, Judge Wilson referred the Motion to this Court for a Recommended Disposition. *See* docket entry #46.

August 15, 2006, the Court granted Plaintiff an extension, until September 1, 2006, to file his Response. *See* docket entries #28 and #32.

On September 6, 2006, the Court entered an Order of Dismissal and Judgment dismissing this case, pursuant to Local Rule 5.5(c)(2), because Plaintiff failed to timely and properly comply with the Court's July 18, 2006 and August 15, 2006 Orders. *See* docket entries #39 and #40. The next day, on September 7, 2006, the Court received Plaintiff's Response to Defendants' Motion for Summary Judgment. *See* docket entry #38.

For the reasons set forth herein, the Court recommends that: (1) Plaintiff's Motion for Reconsideration be granted; (2) the September 6, 2006 Order of Dismissal and Judgment be vacated; and (3) this case be reopened.

## II.  Discussion

In his Motion for Reconsideration, Plaintiff argues that his Response was timely filed pursuant to the prison mailbox rule.[2] *See* docket entry #44. This argument is well taken.

In *Houston v. Lack*, 487 U.S. 266, 270-72 (1988), the Supreme Court explained that a *pro se* habeas petitioner cannot control a court pleading once it has been delivered to prison officials for mailing, and that prison officials have an incentive to delay a filing beyond the applicable time limit. Accordingly, the Court held that a prisoner's habeas pleadings are deemed "filed" when he or she deposits them in the prison mailing system. *Id.* The Eighth Circuit has subsequently applied the *Houston* holding, which is commonly referred to as the "prison mailbox rule," to *pro se* pleadings filed by prisoners in § 1983 actions. *See Sulik v. Taney County, Mo.,* 316 F.3d 813, 815 (8th Cir.

---

[2] Defendants have not responded to this argument. *See* docket entry #45. Instead, they reaffirm that summary judgment should be granted pursuant to the reasons set forth in their Motion. *Id.*

2003).

The Certificate of Service attached to Plaintiff's Response to the Motion for Summary Judgment states that he placed it in the prison mailing system on September 1, 2006. *See* docket entry #38. Additionally, the accompanying envelope contains a stamped notation indicating that it was received by prison officials for mailing on September 1, 2006. *Id.* Accordingly, the Court concludes that Plaintiff's Motion for Reconsideration should be granted because he timely filed his Response to the Motion for Summary Judgment on September 1, 2006, pursuant to the prison mailbox rule.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion for Reconsideration (docket entry #44) be GRANTED.

2. The September 6, 2006 Order of Dismissal (docket entry #39) and Judgment (docket entry #40) be VACATED, and this case be REOPENED.

Dated this 3rd day of October, 2006.

_____
UNITED STATES MAGISTRATE JUDGE