**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

GREGORY L. TROGDON
REG #14640-045                                                                                          PLAINTIFF

V.                                         2:05CV00311 WRW/JTR

LINDA SANDERS, Warden,
FCI-Forrest City, et al.                                                                             DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the requested hearing before the

    United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

  Clerk, United States District Court
  Eastern District of Arkansas
  600 West Capitol Avenue, Suite 402
  Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is currently incarcerated at the Federal Correctional Institute located in Forrest City, Arkansas, has commenced this *Bivens* [1] action alleging that Defendants[2] failed to provide him with adequate medical care for an injured left shoulder and right foot. *See* docket entry #1. Defendants have filed a Motion for Summary Judgment, a Brief in Support, a Statement of Undisputed Facts, and Supplemental Brief.[3] *See* docket entries #22, #23, #24, and #37. Plaintiff has

---

[1] Because Plaintiff is a federal inmate alleging constitutional violations against federal defendants, his claims are brought pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which established that the victims of constitutional violations by federal officials have a right to recover damages against them in federal court, just as 42 U.S.C. § 1983 provides redress for constitutional violations by state officials.

[2] The Defendants are Warden Linda Sanders, Health Services Administrator Jose Jiminez, Clinical Director Edna Prince, Doctor E. Kiniesh, Physician Assistant Garrido, Physician Assistant Y. Toro, Physician Assistant Payne, and Nurse Practitioner Taylor. *See* docket entry #1.

[3] Defendants entitled their Motion as a "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." *See* docket entry #22. On July 18, 2006, the Court issued an Order

filed a Response to the Motion for Summary Judgment, which includes a Statement of Disputed Facts. *See* docket entry #38. For the reasons set forth herein, the Court recommends that the Motion for Summary Judgment be granted, and that this case be dismissed, with prejudice.

## II. Facts[4]

### A. Injured Left Shoulder

Plaintiff arrived at FCI-FC in September of 2002. During an intake examination, Plaintiff reported that, three years earlier, he had undergone surgical repair of a torn rotator cuff in his left shoulder and that he suffered from chronic back pain. *See* docket entry #23, Ex. A (Plaintiff's medical records) and Ex. B (sworn declaration of Dr. Prince). Accordingly, Plaintiff was placed on Naproxen for pain management. *Id.* Additionally, an x-ray was taken of his left shoulder, which revealed no bone or soft tissue abnormalities. *Id.*

On December 16 or 17, 2002, Plaintiff fell while working in the prison kitchen and injured his left shoulder. *Id.* A physical examination revealed no deformity, discoloration, or swelling. *Id.* Plaintiff reported his pain was as a two, on a scale of one to ten, and demonstrated a good range of motion. *Id.* An x-ray taken that day demonstrated no bone or soft tissue abnormalities, and Plaintiff was given pain medication. *Id.*

On March 13, 2003, Plaintiff reported that his pain medications were not working. *Id.* An x-ray taken four days later revealed no bone or soft tissue abnormalities in Plaintiff's shoulder. *Id.*

---

advising the parties that, pursuant to Fed. R. Civ. P. 12(b), Defendants' pleading would be treated as a Motion for Summary Judgment because it included attachments/exhibits that were outside of the pleadings. *See* docket entry #26.

[4] Unless otherwise stated, the following factual allegations are undisputed. *See* Defendants' Statement of Undisputed Facts (docket entry #24) and Plaintiff's Statement Facts (docket entry #38, Ex. A at 2).

Accordingly, Plaintiff's pain medication was changed to Indomethacin and Piroxicam. *Id.*

On June 3, 2003, Plaintiff reported that he was still experiencing pain in his shoulder and that the prescribed pain medications were hurting his stomach. *Id.* In response, Plaintiff was prescribed Zantac, for his stomach, and Salsalate, which is a pain medication known to be less irritating to the stomach. *Id.* During the next three years, Plaintiff's medications were changed on numerous occasions in response to his reports of persistent pain and occasional stomach upset.[5] *Id.*

On March 13, 2004, an MRI was taken of Plaintiff's left shoulder. *Id.* A radiologist at Baptist Hospital in Forrest City, Arkansas, determined that the MRI demonstrated a partial thickness tear in Plaintiff's rotator cuff," and he suggested that "a post-surgical defect . . . be considered in this patient." *Id.*[6]

On April 15, 2004, Plaintiff was seen by an orthopedic surgeon, who believed Plaintiff might have impingement syndrome of the left shoulder that could possibly be corrected by a surgical procedure known as "open decompression." *Id.*[7] The orthopedic surgeon then sent Plaintiff's March 13, 2004 MRI to a radiologist in California, for a second reading. *Id.* That radiologist determined that the March 13, 2004 MRI revealed: (1) an "un-displaced subcapital fracture of the

---

[5] For instance, Dr. Prince explains in her declaration that: (1) on February 14, 2005, Plaintiff was given a trial course of Trileptal, which is an anticonvulsant that is also used to treat chronic pain; (2) on March 21, 2005, Plaintiff was given Elavil, which is an antidepressant used to treat chronic pain; (3) on October 30, 2005, Plaintiff was given Prednisone; (4) on March 3, 2006, Plaintiff was returned to Salsalate; and on (5) May 20, 2006, Plaintiff was given Capsaicin, which is a cream used to treat localized pain. *See* docket entry #23, Ex. B.

[6] *See* Dr. Albert Morris's March 25, 2004 Radiology Report (docket entry #23, Ex.A) and Dr. Prince's Declaration at ¶ 6 (docket entry #23, Ex. B).

[7] *See* Dr. Sherman's April 15, 2004 Consultation Sheet notes (docket entry #23, Ex. A) and Dr. Prince's Declaration at ¶ 6 (docket entry #23, Ex. B).

head of [the] humerus," that was not seen on the first MRI reading; and (2) "partial rotor cuff tear with soft tissue derangement of [the] left shoulder." *Id.*[8]

On May 14, 2004, Plaintiff was seen again by the orthopedic surgeon. *Id.* At that time, the orthopedic surgeon recommended repeat x-rays for follow-up on the fractured humerus. *Id.* Subsequent x-rays taken of Plaintiff's shoulder on July 21, 2004, and August 20, 2004, revealed no such fractures. *Id.* The orthopedic surgeon also determined that the MRI reading of a partial rotator cuff tear was inaccurate due to Plaintiff's prior surgery in 1999. *Id.* Accordingly, he determined that Plaintiff did not need surgery. *Id.*

## B. Injured Right Foot

On August 30, 2004, Plaintiff injured his foot during a fall from his bunk bed. *Id.* Plaintiff believes that he broke his foot at that time, and he contends that he did not receive any physical examinations or treatment for this condition. *See* docket entry #1. However, Defendants have produced medical records demonstrating that x-rays were taken of Plaintiff's right foot on September 2, 2004, and February 18, 2005, and that no bone or soft tissue injuries were detected. *See* docket entry #23, Ex. A and B.

### III. Analysis Of Plaintiff's Claims

In their Motion, Defendants argue that Plaintiff's inadequate medical care claims fail, as a matter of law.[9] The Court concludes that this argument is well taken.

---

[8] *See* Dr. Anthony Yipp's undated radiology report on Omnimed Medical Services letterhead (docket entry #23, Ex. A) and Dr. Prince's Declaration at ¶ 7.

[9] It is well settled that summary judgment should only be granted when the record, viewed in a light most favorable to the nonmoving party, shows that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50

**A.      Vicarious Liability of Defendants Sanders and Jiminez**

In their Motion, separate Defendants Sanders and Jiminez argue that they are entitled to summary judgment because Plaintiff seeks to hold them vicariously liable for the medical decisions made by the other Defendants. *See* docket entry #23. Additionally, Defendants Sanders and Jiminez have submitted sworn declarations stating that they do not have medical training or the authority to make any medical decisions. *Id.* at Exhibits C and D.

It is well settled that there is no respondeat superior or vicarious liability in *Bivens* actions, and thus, defendants can only be held liable for their personal actions. *Buford v. Runyon,* 160 F.3d 1199, 1203 n.7 (8th Cir. 1998); *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Additionally, the Eighth Circuit has held that prison supervisors, who lack medical expertise, cannot be held liable for decisions made by medically trained prison staff. *See, e.g., Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).

In his Response to the Motion for Summary Judgment, Plaintiff <u>concedes</u> that Defendants Sanders and Jiminez were not personally involved in his medical care and that he only named them as Defendants based upon a mistaken belief "that the doctrine of respondeat superior applied in *Bivens* actions." *See* docket entry #38 at 2 and Exhibit A at 5. Accordingly, it is clear that Plaintiff's claims against them should be dismissed, with prejudice.

---

(1986). The moving party bears the initial burden of informing the court of its basis for the motion and identifying the parts of the record that show lack of a genuine issue. *Celotex,* 477 U.S. at 323. To defeat a motion for summary judgment, the nonmoving party must go beyond the pleadings and establish "by affidavits, or by the depositions, answers to interrogatories, and admissions on file," that specific facts show a genuine issue for trial exists. *See* Fed R. Civ. P. 56(c); *Celotex,* 477 U.S. at 324.

**B.      Inadequate Medical Care Claims Against the Remaining Defendants**

The remaining Defendants argue that they are entitled to summary judgment on Plaintiff's claims of inadequate medical care for his injured left shoulder and right foot. In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Court held that a prisoner's Eighth Amendment right to be free from cruel and unusual punishment is violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. This standard involves both an objective and a subjective component. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). First, the plaintiff must demonstrate that he had or has an objectively serious medical need.[10] *Id.* Second, the plaintiff must show that prison officials subjectively or actually knew of and deliberately disregarded those needs. *Id.* Importantly, it is well settled that negligence, gross negligence, or a mere disagreement with the treatment decisions does not rise to the level of deliberate indifference. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006)*; Bender v. Regeir*, 385 F.3d 1133, 1137 (8th Cir. 2004).

---

[10] Defendants make the conclusory statement, without sufficient development or argument, that Plaintiff's torn rotator cuff and broken foot do not constitute "objectively serious medical needs." *See* docket entry #23 at 5. The Court questions that assertion. *See Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (explaining that a medical need is "objectively serious" if it has been diagnosed by a physician as mandating treatment or if it is so obvious that even a lay person would recognize the necessity for a physician's treatment). However, there is no need to resolve that issue because it is clear, as explained herein, that Plaintiff has failed, as matter of law, to demonstrate that Defendants were deliberately indifferent to his medical needs – which is the second part of the inadequate medical care analysis. In other words, the Court will presume, for the purpose of resolving this summary judgment motion, that Plaintiff's torn rotator cuff and broken foot constitute "objectively serious medical needs."

### 1.     Injured Left Shoulder[11]

As previously discussed, Defendants have presented the Court with medical records demonstrating that they treated Plaintiff's injured left shoulder with various pain medications, which they altered on numerous occasions, in response to his reports of continued pain and stomach upset. Additionally, Defendants took five x-rays, all of which demonstrated <u>no</u> bone or soft tissue injuries to Plaintiff's shoulder. Defendants also took Plaintiff to see an orthopedic surgeon who initially suspected possible impingement syndrome and, perhaps, the need for surgery. However, after examining Plaintiff on two occasions and reviewing an MRI (and two radiological interpretations of that test) the orthopedic surgeon – who is not a party to this action – determined that surgery was <u>not</u> necessary.

Plaintiff has failed to come forward with <u>any</u> evidence suggesting that Defendants' have engaged in any deliberate indifference regarding the medical care and treatment he has received for his injured left shoulder. *See Bender,* 385 F.3d at 1137 (holding that a "mere disagreement with the course of medical treatment fails to state a deliberate indifference claim"); *Logan v. Clarke*, 119 F.3d 647, 649-50 (8th Cir. 1997) (prison doctors were not deliberately indifferent when they treated the

---

[11] Defendants argue that Plaintiff cannot proceed with a *Bivens* claim for the injuries he sustained to his left shoulder while working in the prison kitchen because the Prison Industries Fund statute, 18 U.S.C. § 4126, is the exclusive remedy for all work-related injuries suffered by federal prisoners. *See* docket entry #23. It is well settled that 18 U.S.C. § 4126 bars a federal prisoner from receiving compensation for a work related injury under the <u>Federal Tort Claims Act</u>. *See United States v. Demko*, 385 U.S. 149 (1966); *Sturge v. Fed. Prison Indus.*, 608 F.3d 1153 (8th Cir. 1979). However, federal courts are divided as to whether 18 U.S.C. § 4126, also bars recovery in a <u>*Bivens*</u> action. *Compare Alvarez v. Gonzales*, Case No. 05-6129, 155 Fed. Appx. 393 (10th Cir. 2005) (unpublished opinion) (holding that 18 U.S.C. § 4126 <u>bars</u> a *Bivens* claim) *with Bagola v. Kindt*, 131 F.3d 632 (7th Cir. 1997), *and Vaccarro v. Dobre*, 81 F.3d 854 (9th Cir. 1996) (holding that 18 U.S.C. § 4126 <u>does not</u> bar a *Bivens* claim). The Eighth Circuit has not yet ruled on the issue. There is no need for the Court to resolve the issue in this case because Plaintiff has failed to present sufficient evidence to proceed with a *Bivens* claim for the alleged injuries to his left shoulder.

prisoner on "numerous occasions" and "made efforts to cure the problem in a reasonable and sensible manner"); *Dulany*, 132 F.3d *Dulany,* 132 F.3d at 1240 (holding that: "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment"). Accordingly, the Court recommends that summary judgment be granted as to Plaintiff's claim that Defendants' rendered him inadequate medical care for his injured left shoulder.

### 2. Injured Right Foot

Although he has been given the opportunity to do so, Plaintiff has failed to come forward with <u>any</u> evidence demonstrating that he actually broke his foot during the August 2004 fall from his bunk.[12] *See* docket entry #26. Additionally, he has failed to come forward with <u>any</u> evidence substantiating his assertion that Defendants did not render him <u>any</u> medical care for suspected injuries to his right foot. *Id.*

In contrast, Defendants have produced <u>unrefuted</u> medical records and Dr. Prince's sworn declaration demonstrating that they took x-rays of Plaintiff's right foot on September 2, 2004, and February 18, 2005, and that no bone or soft tissue injuries were detected. *See* docket entry #23, Exs. A and B. Accordingly, the Court also recommends that summary judgment be granted as to Plaintiff's claims that Defendants rendered him inadequate medical care for his injured right foot.

### IV. Conclusion

---

[12] On July 18, 2006, the Court entered an Order explaining to Plaintiff that his Response to the Motion for Summary Judgment must include "affidavits, prison records, or other evidence establishing that there is a genuine issue of fact" and that he could not "rest upon mere allegations." *See* docket entry #26 at 2.

IT IS THEREFORE RECOMMENDED THAT:

1.    Defendants' Motion for Summary Judgment (docket entry #22) be GRANTED, and that this case be DISMISSED, WITH PREJUDICE.

2.    The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 9th day of February, 2007.

UNITED STATES MAGISTRATE JUDGE